IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

February 08, 2022 05:49 PM
SX-2020-CV-00761
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

GLEN GEORGE SELKRIDGE,

PLAINTIFF,

v.

ERMIN ORETHA GREENE AND DAVID BYRON JOHNSON, JR.,

DEFENDANTS.

Civil No. SX-2020-CV-761

COMPLAINT TO QUIET TITLE

CITE AS: 2022 VI SUPER 16

**Appearances:**
**Charlotte S. Sheldon, Esq.**
McChain Hamm & St. Jean
Christiansted, U.S. Virgin Islands
*For Plaintiff*

## <u>MEMORANDUM OPINION AND ORDER</u>

¶ 1    **THIS MATTER** came before the Court on Plaintiff Glen George Selkridge's (hereinafter "Plaintiff") motion for default judgment, filed on December 16, 2021.[1]

### BACKGROUND

¶ 2    On October 23, 2020, Plaintiff filed a complaint against Defendant Ermine Oretha Greene (hereinafter "Greene") and Defendant David Byron Johnson, Jr. (hereinafter "Johnson" and together with Greene, "Defendants") to quiet title to the following property: No. 20 Building E., The Towers Condominium, Rem. Parcel No. 2 Estate Contant, 7A Southside Quarter, St. Thomas, U.S. Virgin Islands (hereinafter "Property"). Plaintiff's complaint did not set forth the counts in

---

[1] The caption of Plaintiff's December 16, 2021 motion is titled "Plaintiff's Renewed Motion for Entry of Default Judgment." However, Plaintiff noted in its motion that "[t]o the extent that this Court renders renewal or reconsideration of the motion for default unwarranted or improper, Plaintiff requests that the Court consider the instant Motion as a new request for default judgment." (Motion, p. 3 n.1.) Plaintiff previously moved for a default judgment in connection with the initial complaint. In his December 16, 2021 motion, Plaintiff moved for a default judgment in connection with the first amended complaint rather than the initial complaint. Thus, Plaintiff's December 16, 2021 is not a renewal of his previous motion and the Court will construe Plaintiff's December 16, 2021 motion as a new request for default judgment.

separate numbered paragraphs with separate designation of the specific names of each cause of action in the pleadings as required under Rule 8 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 8").[2] However, Plaintiff acknowledged in the caption that it is a complaint to quiet title. Plaintiff sought for: (i) a judgment that Plaintiff is the fee simple owner of the Property, (ii) a judgment that Defendants do not have any right, title or interest in the Property, (iii) attorney's fees and costs, and (iv) further relief as the Court may deem proper. The following documents were attached to the complaint as Exhibit 1: a copy of a warranty deed, dated October 14, 2016 (hereinafter "October 14, 2016 Warranty Deed"), a copy of a document titled "Affidavit for exemption from stamp taxes according to Title 33 Section 128 of the V.I. Code," and a copy of a document titled "Real property tax clearance letter." According to the October 14, 2016 Warranty Deed, Plaintiff, as the grantor, granted and conveyed "all of his right, title and interest" in and to the Property to Defendants, as the grantees.

¶ 3    On February 23, 2021, Plaintiff filed a motion for entry of default. A copy of the complaint, a copy of the proofs of service for Defendants, and a copy of an affidavit of counsel was attached to Plaintiff's motion for entry of default as Exhibit A, Exhibit B, and Exhibit C, respectively. According to the proofs of service, Defendants were served on January 20, 2021 at 9315 Bardeen Way, Iowa Colony, Texas in the following manner: "[b]y delivering a true copy of the summons and complaint and leaving with Jane Doe who is known to be the co-resident and a competent

---

[2] Rule 8 mandates that "a pleading that states a claim for relief must contain:...(1) short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief -- because this is a notice pleading jurisdiction -- and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), **with separate designation of counts and defenses for each claim identified in the pleading**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. V.I. R. Civ. P. 8(a) (emphasis added).

household member over 14 years of age residing therein" and "[s]aid premises is recipients usual place of abode within the state."[3] (Motion for Entry of Default, Exhibit B.)

¶ 4     On March 16, 2021, default was entered against Defendants.

¶ 5     On April 16, 2021, Plaintiff filed a motion for default judgment. On June 3, 2021, the Court entered an order whereby the Court ordered Plaintiff to supplement his motion for default judgment with evidence showing that neither Defendant Greene nor Defendant Johnson is a minor, an incompetent person, or a person subject to the provisions of the Servicemember's Civil Relief Act of 2003, and/or an affidavit stating such and reserved ruling on Plaintiff's motion pending receipt of Plaintiff's supplemental filing.[4]

---

[3] Rule 4 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 4") governs service of process. Rule 4(f) provides that "Where 5 V.I.C. § 4903 or other applicable law provides for the assertion of personal jurisdiction over a person located outside the Virgin Islands, the provisions and procedures of Title 5 V.I.C. Chapter 503 shall be followed including, but not limited to, the procedures for service and the filing of proof of service set forth in 5 V.I.C. § 4911." V.I. R. Civ. P. 4(f). Title 5 V.I.C. § 4911 provides that "[w]hen the law of this territory authorizes service outside this territory, the service, when reasonably calculated to give actual notice, may be made: (1) by personal delivery in the manner prescribed for service within this territory..." Title 5 V.I.C. § 4911(a)(1). Here, Defendants were served in a manner prescribed for service within the U.S. Virgin Islands. *See* Rule 4(e)(2) ("Unless law of the Virgin Islands provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served in the Virgin Islands by doing any of the following:...(2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and iscretion who resides there...").

[4] In the June 3, 2021 order, the Court explained:
    Upon review of the file, it has come to the Court's attention that Plaintiff did not provide, with its previous motion for entry of default or instant motion for default judgment, any evidence showing that neither Defendant Greene nor Defendant Johnson is a minor, an incompetent person, or a person subject to the provisions of the Servicemember's Civil Relief Act of 2003, or an affidavit stating such. There are additional rules to serving a minor or an incompetent person,[2] and a person subject to the Servicemember's Civil Relief Act of 2003 is protected from being sued while in active military service.[3] As such, the Court will give Plaintiff an opportunity to remedy the deficiency and reserve ruling on Plaintiff's instant motion.

    ---
    [2] Title 5 V.I.C. § 111 provides:

    § 111. Service on infant or incompetent person

    In the cases referred to in Rule 4(d)(2) of the Federal Rules of Civil Procedure, service shall be made as follows:

        (1) Upon an infant, by delivering a copy of the summons and of the complaint to the infant personally, and also to his father, mother, or guardian, or if there is none within the Virgin Islands then to any person having the care or control of such infant, or with whom he resides, or in whose service he is employed.

¶ 6 On July 2, 2021, Plaintiff filed an affidavit whereby Plaintiff declared under penalty of perjury that neither Defendant Greene nor Defendant Johnson is a minor, an incompetent person, or a person subject to the provisions of the Servicemember's Civil Relief Act of 2003.

¶ 7 On August 11, 2021, the Court entered a memorandum opinion and order (hereinafter "August 11, 2021 Order") whereby the Court ordered, inter alia, that Plaintiff's April 16, 2021 motion for default judgment is denied and that, within thirty (30) days from the date of entry of this Memorandum Opinion and Order, Plaintiff may file a proposed first amended complaint, drafted in compliance with the Virgin Islands Rules of Civil Procedure—including, but not limited to, setting forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8 of the Virgin Islands Rules of Civil Procedure, and name the defendant or defendants for each count clearly.[5] (Aug. 11, 2021 Order.)

---

(2) Upon a person judicially declared to be of unsound mind or incapable of conducting his own affairs for whom a guardian has been appointed, by delivering a copy of the summons and of the complaint to the defendant personally and also to such guardian.

[3] The Servicemembers' Civil Relief Act of 2003, formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940, is a federal law that gives all military members some important rights as they enter active duty, including but not limited to protection from being sued while in active military service of their country. (June 3, 2021 Order, p. 3.)

[5] In the August 11, 2021 Order, the Court explained:

In his motion, Plaintiff requested that "a default judgment be entered ordering that Plaintiff is the fee simple owner of all right, title, and interest to the…Property, that the current deed inadvertently conveying title to Defendants is hereby nullified and cancelled, for attorney's fees and costs incurred in prosecuting this matter, and such further relief as this Court may deem just and proper." (Motion, p. 3) Plaintiff made the following assertions in support of his request: (i) "[I]n light of the entry of default, the allegations in the Complaint have been subsequently admitted by Defendants and cannot now be contested,"[6] (Id., at p. 2) (ii) "This is a simple quiet title action. Pursuant to 28 V.I.C. § 371, 'any person in possession, by himself or his tenant, of real property, may maintain an action of an equitable nature against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest.'"[7] (Id.); and (iii) "Plaintiff did not intend to transfer his entire interest to Defendants, and as such, the Warranty Deed did not validly pass title to Defendants."[8] (Id., at p. 3.)

**I.     Whether Plaintiff is Entitled to a Judgment by Default**

In order for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, the Court must first discern the causes of action alleged in Plaintiff's complaint. Here, as noted above, Plaintiff's complaint did not set forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8. Nevertheless, this error is not fatal if Plaintiff's complaint sufficiently put Defendants on notice of the claims brought against them. *See* V.I. R. Civ. P. 8(a)(2) ("[The Virgin Islands] is a notice pleading jurisdiction"); *Mills-Williams v. Mapp,* 67 V.I. 574, 585 (2017)


("Virgin Islands Rule of Civil Procedure 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," V.I. R. CIV. P. 8(a), and the Reporter's Note eliminates any doubt that this language is calculated to "apply[ ] an approach that *declines* to enter dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief." (citing V.I. R. CIV. P. 8 Reporter's Note (emphasis added)) (citing *Brathwaite v. H.D.V.I. Holding Co.*, 2017 V.I. LEXIS 76, at *3, (V.I. Super. Ct. May 24, 2017) (acknowledging that Virgin Islands Civil Procedure Rule 8(a)(2) eliminates the plausibility standard and instead will permit a complaint so long as it "adequately alleges facts that put an accused party on notice of claims brought against it")); *Williams v. Galiber*, 70 V.I. 226, 230 (Super. Ct. 2019) ("Notice pleading means that a Complaint is sufficient when it 'adequately alleges facts that put an accused on notice of claims brought against it.'").

Based on Plaintiff's allegations in the complaint and Plaintiff's acknowledgment in the caption that it is a complaint to quiet title, the Court finds that the complaint has sufficiently put Defendants on notice of Plaintiff's quiet title claim. However, the Court finds that Plaintiff's complaint also included another claim, although it is unclear whether this other cause of action calls for rescission of the October 14, 2016 Warranty Deed[9] or calls for a declaratory judgment that the October 14, 2016 Warranty Deed is void from its inception.[10] Given the lack of clarity regarding whether this other claim calls for rescission or a declaratory judgment, and given the lack of facts alleged in the complaint, the Court finds the complaint has not sufficiently put Defendants on notice of the claim that is brought against them to defend. *See Oxley v. Sugar Bay Club & Resort Corp.*, 2018 V.I. LEXIS 81, at *10 (V.I. Super. Ct. May 14, 2018) ("Based upon the differences among notice pleading, fact pleading, and the plausibility standard, this Court determines that a complaint need not plead facts to support each element of a claim in order to adequately allege facts that put an accused party on notice or to show[] the pleader is entitled to relief under V.I. R. CIV. P. 8(a)(2). But, a complaint should provide factual allegations sufficient to advise the responding party of the transaction or occurrence on which the claim is based and identify the claim, reciting its elements, so as to enable the defendant to respond intelligently and to enable the Court to determine on a motion to dismiss under V.I. R. Civ. P. 12(b)(6) whether the claim is adequately pled."). As such, the Court finds that Plaintiff is not entitled to a judgment by default at this juncture.

---

[6] Plaintiff referenced: *King*, 61 V.I. at 346 ("by his default, admitted the plaintiff's well-pleaded allegations of fact, [he] is concluded on those facts by the judgment, and is barred from contesting the facts thus established.") (citing *Harrigan*, 2014 WL 4428451, at *3) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Bank of Nova Scotia v. Dore*, 57 V.I. 105, 110 (V.I. Super. Ct. 2012) (after the entry of default "a trial court accepts the factual allegations of the complaint as true, except for those averring the amount of damages").

[7] Plaintiff referenced: *Redemption Holdings, Inc. v. Hall*, 2015 WL 13579239, at *2 (V.I. Super. Ct. Feb. 25, 2015), *aff'd sub nom. Redemption Holdings, Inc. v. Gov't of the Virgin Islands*, 65 V.I. 243 (2016).

[8] Plaintiff referenced: *S & S Servs., Inc. v. Rogers*, 40 V.I. 320, 327, 35 F. Supp. 2d 459, 463-64 (D.V.I. 1999) ("In the Virgin Islands, a properly executed deed is validly delivered to pass title only when it is delivered by the grantor to the grantee with the present intent to transfer title... Possession of the deed was not given to her with the intention of thereby passing title of the Parcel to her. Accordingly, her recordation of the deed purporting to vest title in her is void and must be canceled of record.").

[9] In *Streibich v. Underwood*, the Virgin Islands Supreme Court noted that "[a] deed is a contract, and thus in most circumstances the principles of contract interpretation govern." 2021 VI 3, ¶ 24.

[10] In Plaintiff's prayer for relief in the complaint, Plaintiff asked for, inter alia, a judgment that Defendants do not have any right, title or interest in the Property. (Compl.) In his motion, Plaintiff requested a default judgment be entered ordering...that the current deed inadvertently conveying title to Defendants is hereby nullified and cancelled." (Motion, p. 3.)

(Aug. 11, 2021 Order.)

¶ 8     On September 7, 2021, Plaintiff filed a notice of compliance with the Court's August 11, 2021 Order and attached a redline copy of the new proposed first amended complaint reflecting the changes made to the initial complaint and a clean copy of the new proposed first amended complaint as Exhibit 1 and Exhibit 2, respectively.

¶ 9     On September 28, 2021, the Court entered an order whereby the Court approved Plaintiff's proposed first amended complaint, deemed it filed on September 7, 2021, and ordered Plaintiff to serve a copy of its first amended complaint as required under Rule 15-1 of Virgin Islands Rules of Civil Procedure.

¶ 10    On December 16, 2021, Plaintiff filed this instant motion.

## STANDARD OF REVIEW

¶ 11    Rule 55 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 55") governs entry for default and default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the court or the clerk must enter the party's default." V.I. R. CIV. P. 55(a). An entry of default does not necessitate a default judgment. *See Chaput v. Scafidi*, 66 V.I. 160, 188 (Super. Ct. June 14, 2017) ("Plaintiffs do not win by default just because the defendants fail to appear."). "[W]hen default is entered against a defendant, the defendant is admitting only to the allegations against him as alleged in the charging document." *Redemption Holdings, Inc. v. Gov't of the V.I.*, 65 V.I. 243, 255 (V.I. 2016) (citing *King v. Appleton* 61 V.I. 339, 346 (V.I. 2014)). In *King*, the Virgin Islands Supreme Court pointed out that "the Superior Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusion of law" and that if the Superior Court determines that the unchallenged facts constitute a legitimate cause of action, then it is "to hold a default judgment hearing to establish

the amount of damages." 61 V.I. at 346 (internal quotes and citations omitted) (footnote omitted).

However, a default judgment can be entered without a hearing "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." *Appleton v. Harrigan*, 61 V.I. 262, 270 (V.I. 2014) (citing Super. Ct. R. 48(a)(1));[6] *see* V.I. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."). In *Harrigan*, the Virgin Islands Supreme Court explained that "[a] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default."[7] 61 V.I. at 270. "In all other cases [not involving a claim for a sum certain], the party must apply to the court for a default... The court may conduct hearings or make referrals -- preserving any statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." V.I. R. CIV. P. 55(b)(2).

---

[6] The *Harrigan* court noted:

> "We again look to federal case law for persuasive authority because, even though Superior Court Rule 48 exclusively governs default judgment in the Superior Court, Federal Rule of Civil Procedure 55(b) similarly provides that default judgment can be entered without a hearing only where the damages sought are a "sum certain." SUPER. CT. R. 48(a)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, ... the clerk upon request of the plaintiff ... shall enter judgment for the net amount due and costs against the defendant."); FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk ... must enter judgment for that amount and costs against a defendant.").")
>
> 61 V.I. at 270 n. 9.

Since *Harrigan*, the Virgin Islands Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017. Subsequently, Superior Court Rule 48 was repealed on April 7, 2017 by Supreme Court Promulgation Order No. 2017-0006. While Superior Court Rule 48 has been repealed and the Federal Rules of Civil Procedure does not apply in this matter, the Court nevertheless finds the *Harrigan* court's analysis as to sum certain claims helpful here since Rule 55(b)(1) closely mirrors its federal counterpart and Superior Court Rule 48.

[7] *See supra*, footnote 3.

## DISCUSSION

¶ 12    In his motion, Plaintiff moved for an entry of default and default judgment. Plaintiff argued that "an entry of default judgment against Defendants is warranted" and requested "a default judgment be entered ordering rescission of the Warranty Deed and upon such rescission, Plaintiff is the fee simple owner of all right, title, and interest to the [Property], for attorney's fees and costs incurred in prosecuting this matter, and such further relief as this Court may deem just and proper." (Motion, p. 5.) A copy of the proofs of service for Defendants were attached to Plaintiff's motion for as Exhibit 1. According to the proofs of service, Defendants were served on October 1, 2021 at 9315 Bardeen Way, Iowa Colony, Texas via Dwight Greene. (Dec. 16, 2021 Motion, Exhibit 1.)

### A. Entry of Default

¶ 13    Here, Defendants were served with a copy of the first amended complaint on October 1, 2021 and, as of the date of this memorandum opinion and order, Defendants have not appeared or filed a response thereto. As such, the Court finds that Defendants have "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Accordingly, the Court will grant Plaintiff's request for entry of default and enter default against Defendants. *See* V.I. R. Civ. P. 55(a).

### B. Default Judgment

#### 1. Whether Plaintiff is Entitled to a Judgment by Default

¶ 14    The first amended complaint alleged a single count for deed rescission. To determine whether Plaintiff is entitled to a default judgment ordering deed rescission, the Court must first determine whether the facts, as alleged in Plaintiff's complaint, constitute a legitimate cause of action for deed rescission. *See King v. Appleton* 61 V.I. at 346.

¶ 15    Plaintiff made the following allegations in its complaint:

> 5. Plaintiff was the sole owner of No. 20 Building E, The Towers Condominium, Rem. Parcel No. 2 Estate Contant, 7A Southside Quarter, St. Thomas, U.S. Virgin Islands ("Property"). *See* **Exhibit 1**, Warranty Deed.
>
> 6. Plaintiff inadvertently conveyed the property by Warranty Deed to Defendants on October 14, 2016.
>
> 7. Plaintiff's intent was to keep the Property in his name and to add the Defendants as additional grantees, who would then receive the property as joint tenants with rights of survivorship upon his death.
>
> 8. Plaintiff misunderstood the language of the Warranty Deed that was drafted and executed it conveying the property entirely to Defendants.
>
> 9. Defendants have refused to convey the Property back to Plaintiff.
>
> 10. Defendants are improperly withholding the property that was inadvertently conveyed to them.
>
> Count I (DEED RESCISSION)
>
> 11. Plaintiff repeats and realleges all proceeding paragraphs, which are incorporated herein by reference.
>
> 12. Plaintiff intended to add the Defendants as grantees on the deed and to convey a survivorship interest to them upon his death.
>
> 13. Plaintiff misunderstood the language of the deed, as drafted, and signed it without fully understanding the meaning and intent of the deed, i.e. that he was divesting his entire interest.
>
> 14. Plaintiff's misunderstanding and mistake had a material effect on the outcome of the contract performance, in that he lost his entire interest in the Property.
>
> 15. The conveyance of the deed to the Defendants is adverse to Plaintiff as it was not his intent to transfer the Property to the Defendants without retaining a life estate.
>
> 16. Enforcement of the deed would therefore be unconscionable.
>
> 17. The deed must be rescinded or canceled to restore the status quo and for Plaintiff to regain his interest and become the fee simple owner of the Property.

(Compl.)

¶ 16     Based on the allegations in the complaint, it appears that Plaintiff is seeking the rescission of a contract—i.e., the deed—based upon his unilateral mistake. *See Streibich v. Underwood*, 2021 VI 3, ¶ 24 (V.I. 2021) ("A deed is a contract, and thus in most circumstances the principles of contract interpretation govern."). However, in his motion, Plaintiff cited no authority and made no substantive argument in support of its request. *See* V.I. R. Civ. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:...(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party."). "It is not the Court's job to research and construct legal arguments open to parties ... In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association v. West Indian Company, Limited*, 2016 V.I. LEXIS 170, *4 (Super. Ct. Oct. 18, 2016) (citing *Charles v. CBI Acquisitions, LLC*, 2016 V.I. LEXIS 62, *27 n. 66); *see also, Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (Super. Ct. Apr. 23, 2015) (the Court will not make a movant's arguments for him when he has failed to do so). Furthermore, a cursory review of the precedents in the Virgin Islands addressing matters related to contract rescission revealed that a *Banks* analysis is necessary to determine whether the soundest rule of law for the Virgin Islands is to recognize a claim for rescission based upon unilateral mistake and if so, a *Banks* analysis is necessary to determine the soundest elements for a claim of rescission based upon unilateral mistake in the Virgin Islands. *See Banks v. International Rental & Leasing Corp.*, 55 V.I. 967, 977-78 (V.I. 2011); *see also Gov't of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014). "[W]hile only the Superior Court is obligated to conduct *Banks* analyses, parties are

required to contribute to the analysis by citing to authority that is binding upon this Court or to authority that is presented as persuasive when faced with questions of law that lack precedent." *Lembach v. Antilles Sch., Inc.*, 2015 V.I. LEXIS 35, at \*53 (V.I. Super. Ct. Apr. 7, 2015). As such, Plaintiff's deficient request for a default judgment ordering deed rescission is not properly before the Court and the Court is inclined to deny it. *See V.I. Tax Association*, 2016 V.I. LEXIS 170 at \*4 (the Court found that the plaintiff's motions were not properly before the Court because they were "devoid of any legal basis to support its propositions" and therefore, denied both motions). However, in the interests of judicial economy, rather than deny Plaintiff's request for a default judgment and have Plaintiff file a subsequent motion for default judgment, the Court will order Plaintiff to supplement his request for a default judgment ordering deed rescission and reserve ruling thereto.

## CONCLUSION

¶ 17    Based on the foregoing, the Court will: (i) grant Plaintiff's request for entry of default against Defendant and enter default against Defendants and (ii) order Plaintiff to supplement his request for default judgment ordering deed rescission and reserve ruling thereto. Accordingly, it is hereby:

**ORDERED** that Plaintiff's request for entry of default is **GRANTED** and **DEFAULT IS ENTERED** against Defendants. **And** it is further:

**ORDERED** that, **within ninety (90) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall file a supplemental brief as to his request for default judgment ordering deed rescission. Plaintiff's supplemental brief shall include substantive arguments and citations to proper legal authority, statute, or rule, and contribute to the *Banks* analysis by citing to authority that is binding upon this Court or to authority that is presented as persuasive when faced

with questions of law that lack precedent. The Court will **RESERVE** ruling on Plaintiff's request for default judgment ordering deed rescission pending receipt of Plaintiff's supplemental brief. Failure for Plaintiff to comply will result in Plaintiff's request for default judgment ordering deed rescission being denied.

**DONE and so ORDERED this** 8th **day of** February, **2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: _____2·8·22_____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**